IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                              CASE NO. 3:25-CR-30001

EDWARD AMOS CASNER                                          DEFENDANT

<u>OPINION AND ORDER</u>

This matter came before the Court for a sentencing hearing on August 4, 2025. At the hearing, the Court took up Defendant Edward Amos Casner's objection that Probation improperly classified him as a Tier III sex offender, rather than a Tier II offender. *See* 34 U.S.C. § 20911(3), (4). After reviewing the briefing, receiving oral arguments, and studying the relevant case law, the Court determined Mr. Casner should be classified as a Tier I offender. Accordingly, the objection was **SUSTAINED IN PART**. This written order provides a more fulsome explanation of the Court's ruling from the bench.[1]

In February 2025, Mr. Casner pleaded guilty to an information for failure to register as a sex offender, in violation of 18 U.S.C. § 2250. In 2013, Mr. Casner pleaded guilty to and was sentenced for child molestation in the first degree under Missouri law, Mo. Ann. Stat. § 566.067, which at the time of Mr. Casner's offense conduct[2] prohibited, *inter alia*, "subject[ing] another person who is less than fourteen years of age to sexual contact."

---

[1] To the extent there are any contradictions between this written Order and the Court's ruling from the bench, the written Order controls.

[2] For its analysis, the Court uses the version of the state statute in effect at the time of the offense conduct. *See Brown v. United States*, 602 U.S. 101, 120, 123 (2024) (holding that when applying the categorical approach in Armed Career Criminal Act cases, courts should compare the federal and state schedules that were in effect when the underlying offense occurred).

Per the Presentence Investigation Report ("PSR"), Mr. Casner's underlying offense conduct included touching the genitals of an eight-year-old child over the child's clothing. (Doc. 26, ¶ 51).

The PSR calculated Mr. Casner's base offense level as a Tier III sex offender. Under 34 U.S.C. § 20911(4)(A)(ii), a person is a Tier III sex offender when their "offense . . . is comparable to or more severe than . . . abusive sexual contact (as described in section 2244 of title 18) against a minor who has not attained the age of 13 years." Mr. Casner objected to this classification and argued that, under Eighth Circuit precedent, the categorical approach applies to tier classifications. Thus, the defense argued, since the Missouri statute of conviction criminalized sexual contact with anyone *under 14 years old*, it was categorically broader than § 20911(4)(A)(ii), which related to sexual contact with persons *under 13 years old*. Mr. Casner argued he should be classified as a Tier II offender under § 20911(3)(A)(iv) for "abusive sexual contact (as described in section 2244 of title 18)" "against a minor" because the Missouri law criminalizing sexual contact against persons under 14 years old is not categorically broader than the offense of sexual contact "against a minor."

Mr. Casner is correct—to a degree—that the Eighth Circuit applies the categorical approach to tier classifications under the Sex Offender Registration and Notification Act ("SORNA"). *See United States v. Coulson*, 86 F.4th 1189, 1195 (2023). The categorical approach "does not permit a court to consider a defendant's actual underlying conduct." *Id.* at 1194 (citation omitted). Rather, it allows "only an elements-to-elements comparison between a defendant's prior offense and either: (1) a general or traditional common law

definition of a referenced offense . . . ; or (2) the elements of an offense as identified with express reference to a particular statutory provision." *Id.*

In *Coulson*, the Eighth Circuit analyzed whether the defendant had been properly classified as a Tier III offender under § 20911(4)(A)(ii) for a prior offense of forcible pandering. *Id.* The court there noted the differences between the categorical approach and a circumstance-specific approach that looks to the facts of the underlying offense. *Id.* The Eighth Circuit explained that it had found Congressional support for applying a circumstance-specific approach to other provisions of SORNA, namely § 20911(7)(I). *Id.* (citing *United States v. Hill*, 820 F.3d 1003, 1005 (8th Cir. 2016), which reasoned that a circumstance-specific approach was appropriate where subsection (7)(I) referred to the defendant's "conduct" rather than "offense"). The Eighth Circuit also noted that several circuits have adopted a "hybrid approach" in which they "use the categorical approach generally in the tier analysis and employ a circumstance-specific approach only where Congress separately identified 'conduct' or a victim's age as relevant to a SORNA determination." *Id.* (citing *United States v. Berry*, 814 F.3d 192, 196–97 (4th Cir. 2016)); *see also United States v. Escalante*, 933 F.3d 395, 402 (5th Cir. 2019); *United States v. Walker*, 931 F.3d 576, 579–80 (7th Cir. 2019) (Barrett, J.); *United States v. Mi Kyung Byun*, 539 F.3d 982, 991 (9th Cir. 2008); *United States v. White*, 782 F.3d 1118, 1133–34 (10th Cir. 2015).

Mr. Casner argues that *Coulson* explicitly rejected the hybrid approach applied by various other circuits, but the Court does not read *Coulson* this way. Rather, *Coulson* appears to note the possibility of a hybrid approach, both where Congress separately identifies "conduct"—as was the case in *Hill*, 820 F.3d 1003 (8th Cir. 2016)—or a victim's

age. *See Coulson*, 86 F.4th at 1194. *Coulson* had no occasion to either adopt or reject a hybrid approach as to a victim's age because it dealt only with § 20911(4)(A)(i), which did not include any age requirement.

The Court finds that *Coulson* sets forth that the categorical approach applies generally to tier classifications, but it does not preclude application of a hybrid approach in this case (i.e., using a circumstance-specific approach as to a victim's age). The Court finds persuasive the opinions of the Fourth, Fifth, Seventh, Ninth, and Tenth Circuits on this issue, and it similarly adopts a hybrid approach as to victim age. *See Berry*, 814 F.3d at 196–97; *Escalante*, 933 F.3d at 402; *Walker*, 931 F.3d at 579–80; *Mi Kyung Byun*, 539 F.3d at 991; *White*, 782 F.3d at 1133–34.

Even though, under the hybrid approach, the Court can look to the fact that the victim in Mr. Casner's underlying offense was eight years old, this does not necessarily place Mr. Casner in Tier III. There is another—more convoluted—twist here.

Whether the victim was a minor or a minor under thirteen years old is only *one* of the questions under § 20911(3)(A)(iv) and (4)(A)(ii). The other question is whether the offense was comparable to or more severe than "abusive sexual contact (as described in section 2244 of title 18)." Section 2244 includes cross-references to various other criminal statutes. Relevant here is § 2244(a)(5)'s cross-reference to § 2241(c), which criminalizes sexual contact with persons under 12 years old, and § 2244(a)(3)'s cross-reference to § 2243(a), which criminalizes sexual contact with persons 12 to 16 years old when the victim is at least four years younger than the perpetrator.

The question then becomes whether the categorical approach or circumstance-specific approach applies to this other question. The Seventh Circuit's decision in *Walker*,

authored by then-Judge Amy Coney Barrett, squarely answers this question. 931 F.3d 576. There, the Seventh Circuit determined that the circumstance-specific approach applies *only* to the victim-age requirement set forth in § 20911(3)(A)(iv) and (4)(A)(ii); whereas the categorical approach applies to whether the offense was comparable to or more severe than abusive sexual contact as described in § 2244. *Id.* at 581. That is, the court could look to a victim's actual age for § 20911's age requirement, but not for any age requirements included in § 2244's cross-referenced statutes (e.g., § 2241(c) or § 2243(a)).

The court in *Walker* recognized that this was a bizarre result: "While it may seem counterintuitive, it isn't enough to know" (when answering the question of abusive sexual contact as described in § 2244) "that [the] victims were four and six—nor is it enough to know that [the defendant] satisfies the 'against a minor who has not attained the age of 13' requirement of Tier III." *Id.* at 581. Rather, a court "must first consider whether [the state] conviction is a categorical match to 'abusive sexual contact (as described in section 2244 of title 18)' . . . [i]f it is, [a court may] then consider the age of the victim to complete the tier-classification determination." *Id.* (citations omitted).

Applying this hybrid approach, the Seventh Circuit determined the defendant there was a Tier I offender because his underlying offense was categorically broader than any of § 2244's cross-referenced statutes. *Id.* at 582. The state statute of conviction there criminalized sexual contact with a person under 15 years old by anyone who is at least four years older than the victim. *Id.* at 578. The court determined that such a statute was categorically overbroad because, *inter alia*, the state statute "covers some victims between the ages of 12 and 15, and § 2241(c) does not," and the state statute "covers

sexual contact against some victims under 12, and § 2243(a) does not." *Id.* at 582. Because of this overbreadth, the court concluded the first question—whether the offense was comparable to or more severe than abusive sexual contact as described in § 2244— was not met, so the defendant could not be a Tier III offender under § 20911(4)(A)(ii) or a Tier II offender under § 20911(3)(A)(iv).

The Court is persuaded by the Seventh Circuit's decision in *Walker*: it is squarely on-point, and its narrower use of the hybrid approach is consistent with the Eighth Circuit's justifications for adopting the categorical approach in *Coulson*, 86 F.4th at 1195. The Court would also note that at least one other district court in this Circuit has adopted *Walker* on this issue. *See United States v. Laney*, 2021 WL 1821188 (N.D. Iowa May 6, 2021). The *Laney* opinion is well-reasoned and persuasive here.[3]

Turning to the application of the hybrid approach in Mr. Casner's case, under *Walker*, his prior conviction under state law, Mo. Ann. Stat. § 566.067, cannot constitute a predicate offense under § 20911(3)(A)(iv) or (4)(A)(ii) because it is categorically broader than the relevant offenses cross-referenced in § 2244.

The Court first addresses § 2241(c), which is cross-referenced in § 2244(a)(5). Through the cross-reference, this prohibits sexual contact with a person *under 12 years*

---

[3] In *United States v. Mi Kyung Byun*, 539 F.3d 982 (9th Cir. 2008), the Ninth Circuit expanded the use of the circumstance-specific approach to include the age requirements found in § 2244's cross-referenced offenses. The Court agrees with the district court in *Laney* as to why *Walker* is more persuasive than *Byun*, including: (1) the *Byun* court analyzed SORNA as a civil statute creating registration requirements, and it noted that Sixth Amendment concerns might dictate a different outcome; (2) the defendant there did not challenge the Tier II determination, but the court still took it up; and (3) the *Byun* court did not separately look at whether a circumstance-specific approach should apply to both the first inquiry (abusive sexual contact as described in § 2244) and the second inquiry (minor or under 13, § 20911), it lumped the two together, which *Walker* specifically cautioned against. *Laney*, 2021 WL 1821188, at *6.

*old*. Because the Missouri statute would criminalize sexual contact with 12 and 13 year olds, but the federal offenses would not, the state statute of conviction is categorically broader than § 2241(c), as incorporated by § 2244.

Next, the Court addresses § 2243(a), which is cross-referenced by § 2244(a)(3). These statutes prohibit sexual contact with a person who is 12 to 16 years old *and* is at least four years younger than the perpetrator. Just as the court found in *Walker*, the state statute covers sexual contact with victims under 12, and § 2243(a) does not. Indeed, the state statute here is even broader than the statute in *Walker* because, unlike *Walker*, the Missouri statute does not have the four-year age differential requirement that is present in § 2243(a)(2). Nothing in the hybrid approach "suggest[s] that the court can abandon the categorical approach and conduct a circumstance-specific inquiry when looking at an offender-victim age differential that is required as an element of the cross-referenced federal offense." *United States v. Escalante*, 933 F.3d 395, 402 (5th Cir. 2019); *see also United States v. Marrero*, 2024 WL 1253643 (2d Cir. Mar. 25, 2024). While a 16 year old could hypothetically be prosecuted for sexual contact with a 13 year old under the Missouri statute, that same conduct is not criminalized under the relevant federal law.[4] For these two reasons, the Missouri statute is categorically broader than § 2243(a).

---

[4] The parties did not address the second element of § 2243(a) that the victim be at least four years younger than the perpetrator. The Government had suggested combining § 2241(c) and § 2243(a) to get around the cross-references' age requirements—that is, using § 2241(c) to cover victims under 12 and using § 2243(a) to cover victims 12 to 16, which would ultimately be broader than the Missouri statute. While the Court thinks such an approach makes practical sense, there is no legal support for this approach—which the Government freely admitted. And, more importantly, such an approach overlooks the age differential element at § 2243(a)(2). Due to the age differential, even if the court combined § 2241(c) and § 2243(a), the Missouri statute would still be categorically overbroad.

Unfortunately, "adherence to the categorical approach leads to a result in this case that is almost certainly contrary to any plain reading of [§ 20911]." *Escalante*, 933 F.3d 406. This is a prime example of why the categorical approach has "a reputation for crushing common sense in any area of the law in which its tentacles find an inroad." *Id.* "What began as an effort by the Supreme Court to simplify the judiciary's job when determining whether a state crime constituted generic 'burglary' has now metastasized into something that requires rigorous abstract reasoning to arrive at the conclusion" that a man who was over 40 when he sexually assaulted an 8 year old cannot be categorized as a Tier III offender (or even a Tier II offender) because it is "theoretically possible" that that the victim could have been 12 or 13 or that the perpetrator could have been less than four years older than the victim. *Id.* at 406–07. The categorical approach here relies on "reality-defying distinctions" and yields a "counterintuitive" and "absurd" result. *Id.* at 407.

Nevertheless, because the state statute of conviction, Mo. Ann. Stat. § 566.067, is not a categorical match for § 2244's cross-referenced offenses, it cannot serve as a predicate offense under § 20911(3)(A)(iv) or (4)(A)(ii). The parties have not put forth any other basis for classifying Mr. Casner as a Tier II or Tier III offender. Thus, the Court finds he is a Tier I offender, and it calculated his guideline base level offense for failure to register accordingly at sentencing. Defendant's objection is therefore **SUSTAINED IN PART**.

**IT IS SO ORDERED** on this 7th day of August, 2025.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE